January 15, 1979

## 79-2    MEMORANDUM OPINION FOR THE COMMISSIONER, IMMIGRATION AND NATURALIZATION SERVICE

### Immigration and Naturalization Service—Special Litigation Unit—Alleged Nazi War Criminals— Funds Available for the Operation of the Unit— Appropriation Act—Authorization Act

This responds to your request for the opinion of the Office of Legal Counsel concerning the availability of funds for the Immigration and Naturalization Service's (INS) Special Litigation Unit. This unit handles cases involving alleged Nazi war criminals. The Department of Justice Authorization Act, Pub. L. No. 95–624 § 2(9), 92 Stat. 3459, 3460, authorizes funding for INS of "$320,722,000, of which $2,052,000 shall be made available for the investigation and prosecution of denaturalization and deportation cases involving alleged Nazi war criminals." The earlier Department of Justice Appropriation Act of 1979, Pub. L. No. 95–431, 92 Stat. 1021, appropriates $299,350,000 for "salaries and expenses" of INS and does not specify any portion thereof for the Special Litigation Unit. As you point out, Congress passed the Authorization Act after the Appropriation Act with knowledge of the $21 million difference.

Your request raises three issues: first, whether the absence of a specific item for the Special Litigation Unit in the Appropriation Act and INS budget estimate restricts the availability of funds for the Unit; second, whether the Authorization Act permits or requires INS to devote $2,052,000 of available funds for the Unit; third, if INS is required or permitted to commit appropriated funds to the Unit, the roles, if any, of the Office of Management and Budget and the Department's Office of Management and Finance in the process. We conclude that INS is required to make $2,052,000 of the total funds already appropriated for INS available to the Unit. We have requested the views of the Assistant Attorney General for Administration before responding to the third question, since it involves a technical problem within the competence of his office.

The Appropriation Act authorizes a general, lump sum appropriation for INS with no restrictions or subdivisions. A long-standing rule of the Comptroller General is that an agency may use appropriated funds for the accomplishment of its mission unless another specific fund is created or the particular expenditure is prohibited. *See, e.g.,* 42 Comp. Gen. 708, 712 (1963); 29 Comp. Gen. 419, 421 (1950). The enforcement of the denaturalization and deportation laws against alleged Nazi war criminals is clearly

within the scope of INS's mission, and the Appropriation Act places no restriction on using funds for this purpose.[1] In the absence of other legislation, INS may therefore use appropriated funds to support its Special Litigation Unit.

The second question concerns the effect the subsequently passed Authorization Act has on INS's funding of the Unit. Section 2(9) of the Act expressly earmarks $2,052,000 of the authorized $320,722,000 for the Special Litigation Unit. The legislative history of the Act shows that Congress intended to require INS to allocate that amount out of whatever funds were appropriated. Before the House Judiciary Committee, you testified that INS intended to reprogram $1.6 million from its other activities to support a Special Litigation Unit of a given size.[2] The committee's report expressed dissatisfaction with the reprogramming method because it would necessitate the Unit "to compete for already scarce resources with other programs within INS."[3] Therefore, the report continued, the Authorization Act would earmark $2,052,000 for the Special Litigation Unit "to assure financing and maximum operational efforts" with a larger staff.[4] This report expressed a clear legislative intent to reserve $2,052,000 for the functions of the Special Litigation Unit out of whatever resources were available to INS.

Although the Authorization Act was passed after the Appropriation Act and although it authorized $21 million more for INS than originally appropriated, this alone does not indicate a contrary intent. As your memorandum points out, the conference report on the Authorization Act noted the difference between the amount authorized and that already appropriated, and it invited the Administration to request a supplemental appropriation to cover the difference.[5] The report attributed the increase to the need "to improve INS efforts to control the illegal alien problem, as well as to reduce the adjudication and naturalization backlogs in the various INS offices around the country."[6] The three areas in which the House had authorized additional positions than INS had requested or the Senate

---

[1] We note that the Comptroller General has long held that "subdivisions of an appropriation contained in an agency's budget request or in committee reports are not legally binding on the department or agency concerned unless they are specified in the appropriation act itself." 55 Comp. Gen. 812, 819-20 (1976); *see also* 55 Comp. Gen. 307, 319-21 (1975); 17 Comp. Gen. 147, 150 (1937). Therefore, the lack of a specific item for the Special Litigation Unit in INS's budget request or the Appropriations Committee reports does not prevent it from expending funds for the Unit.

[2] INS intended to staff the unit with eight attorneys, three investigators, three paralegals, and three secretaries. Hearings Before the Committee on the Judiciary of the House of Representatives on Department of Justice Appropriation Authorizations, 95th Cong., 2d sess., at 71-72, 372.

[3] H. Rept. 95-1148, 95th Cong., 2d sess., at 13.

[4] H. Rept. 95-1148, 95th Cong., 2d sess., at 13. The report states that the increase will permit the Unit to have 10 attorneys, 8 investigators, 4 paralegals, and the necessary number of clericals. *Id.*

[5] H. Rept. 95-1777, 95th Cong., 2d sess., at 12.

[6] H. Rept. 95-1777, 95th Cong., 2d sess., at 12.

had authorized are antismuggling investigators, adjudication personnel, and naturalization processing personnel.[7] Unlike the Special Litigation Unit, funds for these positions were not earmarked specifically in the Authorization Act, and the House report points to the provision of additional resources in these areas rather than allocation of existing funds. Therefore the "additional positions" for which the conference report stated a supplemental appropriation would be necessary are not related to the Special Litigation Unit.

In summary, funds appropriated to INS in the Department of Justice Appropriation Act are available for the Special Litigation Unit. The intent of Congress in subsequently enacting § 2(9) of the Department of Justice Appropriation Authorization Act was to commit the use of $2,052,000 of the appropriated funds to that purpose.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[7] *See* H. Rept. 95-1148, 95th Cong., 2d sess., at 7-12.

11